IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**YVONNE LEE ROBERTSON,**

    **Petitioner,**

v.                               **CIVIL ACTION NO. 1:16CV13**
                                          **(Judge Keeley)**

**JENNIFER SAAD,**

    **Respondent.**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 24] AND GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 18]

Pending before the Court is the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed by petitioner Yvonne Lee Robertson ("Robertson") on January 29, 2016 (Dkt. No. 1). The Petition claims that the Federal Bureau of Prisons ("BOP") has erroneously and unlawfully computed Robertson's projected release date by failing to account for approximately 12 months that she spent on pre-trial supervised release. Id. at 5. According to Robertson, she was in "'official detention' of the U.S. Marshall [sic]," and this time should count toward her sentence because she faced the possibility of imprisonment in the event that she violated the terms of her release. Id. Pursuant to Local Rule of Civil Procedure 72.01, the matter was referred to the Honorable James E. Seibert, Magistrate Judge, for initial review.

On March 1, 2016, Magistrate Judge Seibert granted Robertson's motion for leave to proceed in forma pauperis (Dkt. No. 12). After

**ROBERTSON V. SAAD**                                                    **1:16CV13**

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION [DKT. NO. 24] AND**
**GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 18]**

she paid the filing fee on April 15, 2016, he directed the respondent, Warden Jennifer Saad ("Warden Saad"), to show cause why the writ should not be granted (Dkt. Nos. 15; 16). Warden Saad filed her response to the show cause order, as well as a motion to dismiss, on May 16, 2016 (Dkt. No. 18). Robertson responded to the motion to dismiss on June 2, 2016 (Dkt. No. 23).

In a Report and Recommendation ("R&R") dated October 26, 2016, Magistrate Judge Seibert recommended that the petition be denied and dismissed (Dkt. No. 24). Robertson argues that certain Sixth and Ninth Circuit cases entitle her to credit for time spent on supervised release. The R&R, however, cites Fourth Circuit precedent holding that "[f]or the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full incarceration." United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991). In addition, the Supreme Court has held that restrictive conditions of release do not constitute official detention. Reno v. Koray, 115 S. Ct. 2021 (1995). Based on this clear precedent, the R&R recommended that the petition be denied (Dkt. No. 24 at 11).

**ROBERTSON V. SAAD**                                              **1:16CV13**

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [DKT. NO. 24] AND
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 18]**

In the R&R, Magistrate Judge Seibert notified Robertson of her right to file objections to the recommendations.[1] Id. at 11; see 28 U.S.C. § 636(b)(1)(C). This Court is required to review de novo only those portions of the magistrate judge's findings to which objection is made. Id. "[T]he Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Because no parties have filed objections to the R&R, the Court's review is for clear error.

Upon review of the R&R and the record, the Court adopts the opinion of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 24). Therefore, the Court:

1. **ADOPTS** the R&R (Dkt. No. 24);

2. **GRANTS** Warden Saad's motion to dismiss (Dkt. No. 18); and

---

[1] The R&R was returned to the Court as undeliverable on November 7, 2016 (Dkt. No. 26). Local Rule of Prisoner Litigation Procedure 6 requires pro se prisoner litigants to promptly inform the Court of any change of address. In addition, when the Court sent Robertson the Notice of General Guidelines for Appearing Pro Se in Federal Court, she was notified that failure to update her address may result in dismissal (Dkt. No. 3). Nonetheless, Robertson has neglected to update her address with the Clerk.

**ROBERTSON V. SAAD**                                                       **1:16CV13**

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION [DKT. NO. 24] AND**
**GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 18]**

3.  **DISMISSES** this § 2241 Petition and **ORDERS** that it be **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro se</u> plaintiff by certified mail, return receipt requested.

DATED: November 28, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE